UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DEREK SLOANE,

                                       Petitioner,

       – against –                              **ORDER
ADOPTING REPORT AND
RECOMMENDATION**

DAVID A. ROCK, Superintendent, Great        No. 09-CV-5923 (CS)(LMS)
Meadow Correctional Facility,

                                       Respondent.
------------------------------------------------------------------x

Appearances:

Derek Sloane
Pine City, New York
*Pro Se Petitioner*

Nicholas DiCostanzo, Esq.
John Sergei, Esq.
Westchester County District Attorney's Office
White Plains, New York
*Counsel for Respondent*

Seibel, J.

       Before the Court is the April 5, 2011 Report and Recommendation of Magistrate Judge Lisa Margaret Smith (the "R&R"), (Doc. 15), recommending that *pro se* Petitioner Derek Sloane's Petition for a Writ of Habeas Corpus, (Doc. 1), be dismissed. Plaintiff submitted objections to the R&R (the "Objections"). (Doc. 18.) Familiarity with the procedural and factual background of the case is presumed.

       A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28

U.S.C. § 636(b)(1). A district court must conduct a *de novo* review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). "To the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008);[1] *accord Evans v. Ericole*, No. 06-3684, 2008 WL 4861783, at *1–2 (S.D.N.Y. Nov. 10, 2008) (reviewing report and recommendation for clear error where *pro se* plaintiff made only general objection); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotation marks omitted). The Court will also review for clear error those portions of the report and recommendation to which no objections have been made. *See Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72(b) advisory committee's note.

       The objections of parties appearing *pro se* are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, No. 05-6527, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be

---

[1]     Plaintiff will be provided with copies of all unpublished opinions cited in this Order. *See Lebron v. Sanders*, 557 F.3d 76, 79 (2d Cir. 2009).

specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotation marks omitted).

Petitioner's Objections do not address any particular statements or findings in the R&R, or state in what respect(s) the R&R might be erroneous. Accordingly, I may review for clear error. I find none.

The R&R is adopted as the decision of the Court, and the Petition is dismissed. As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2); *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005); *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 259–60 (2d Cir. 1997). The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). The Clerk of the Court is respectfully directed to close the case.

SO ORDERED.

Dated: May 18, 2011
White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.